UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- *v.* -

EDUAR VIDAL,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

S1 21 Cr. 726 (DLC)

**SUPPLEMENTAL MOTION *IN LIMINE***
**OF THE UNITED STATES OF AMERICA**

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
Attorney for the United States of America

T. Josiah Pertz
Jonathan Bodansky
Jilan J. Kamal
Assistant United States Attorneys
*Of Counsel*

The Government respectfully submits this supplemental motion *in limine*, requesting a ruling to permit the admission at trial of evidence of loan documents (i.e. loan applications, loan agreements and loan proceed checks) from institutions insured by the Federal Deposit Insurance Corporation ("FDIC") as direct evidence of the charged conspiracy, or, in the alternative, under Federal Rule of Evidence 404(b). The Superseding Indictment in this case alleges that the defendant defrauded institutions insured by the National Credit Union Share Insurance Fund ("NCUSIF"), a federal program that, like the FDIC, insures financial institutions. As described further below, the scheme in which the defendant participated also involved misappropriating loan proceeds from institutions insured by the FDIC. The Government expects to introduce this evidence through financial records admissible as business records, under Federal Rules of Evidence 803(6) and 902(11).

## I. Evidence of Fraudulent Loans Issued by Financial Institutions Insured by the FDIC Is Direct Evidence of the Charged Conspiracy

### A. Background

Over the course of the conspiracy charged in the Superseding Indictment, Eduar Vidal, the defendant, conspired with loan borrowers to fraudulently obtain the proceeds of auto loans. As set forth in further detail in the Government's principal motions *in limine*, Vidal used his car dealership to perpetrate a fraud in which borrowers obtained car loans from financial institutions based on the representation that the proceeds would be used to purchase a car. Vidal made it appear that the loans were being used as promised. In fact, however, Vidal did not sell cars to these borrowers. He simply endorsed checks issued by financial institutions as auto loans – including, at times, multiple loan checks for the same vehicle – and misappropriated portions of the loan proceeds for his own benefit. The majority of these financial institutions were credit

unions insured by the NCUSIF; a few were banks insured by the FDIC. Because in some instances the defendant and his co-conspirators obtained loans *for the same car* from both an NCUSIF- and an FDIC-insured institution, there is substantial overlap between the facts relevant to institutions insured by both federal programs.

**B. Applicable Law**

The Second Circuit has repeatedly held that evidence of uncharged criminal activity is admissible when it constitutes intrinsic or direct proof of a charged crime. As such, evidence of uncharged criminal conduct may be admitted without reference to Rule 404(b) if it constitutes direct proof of charged criminal conduct, if it provides the jury with background for the events alleged in the indictment, or if it arose out of the same transaction or series of transactions as the charged offenses. *See, e.g.*, *United States* v. *Gonzalez*, 110 F.3d 936, 941 (2d Cir. 1997) (holding that background evidence may be admitted to show the circumstances surrounding the events alleged in the indictment or to furnish an explanation of the understanding or intent with which certain acts were performed). As the Second Circuit has explained:

> [E]vidence of uncharged criminal conduct is not evidence of "other crimes, wrongs, or acts" under Rule 404(b) if that conduct is "inextricably intertwined with the evidence regarding the charged offense." *United States* v. *Towne*, 870 F.2d 880, 886 (2d Cir. 1989). In such circumstances, the uncharged crime evidence is necessary to "complete the story of the crime on trial," *id.*, and, thus, appropriately treated as "part of the very act charged," or, at least, proof of that act, *United States* v. *Concepcion*, 983 F.2d [369, 392 (2d Cir. 1992)].

*United States* v. *Quinones*, 511 F.3d 289, 309 (2d Cir. 2007); *see also United States* v. *Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) ("evidence of uncharged criminal activity is not considered 'other crimes' evidence under Fed. R. Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial" (internal alterations and quotation marks omitted)); *United States* v. *Towne*, 870 F.2d at 886 (same); *see also*

Weinstein's Federal Evidence, § 404.20[2][b] (noting that evidence of other wrongs is admissible without regard to Rule 404(b) where those wrongs "were necessary preliminaries to the crime charged"); 404.20[2][c] (noting that evidence of other acts "is admitted if it contributes to an understanding of the event in question, even if it reveals crimes other than those charged, because exclusion under those circumstances would render the testimony incomplete and confusing").

With regard to charges of conspiracy, in particular, it is well established that the Government may offer proof of acts not included within the indictment, where those acts fall within the scope of the conspiracy, and thus are direct evidence of the conspiracy charged. *United States* v. *Bagaric*, 706 F.2d 42, 64 (2d Cir. 1983); *see also United States* v. *Lam Lek Chong*, 544 F.2d 58, 63 (2d Cir. 1976). As the Second Circuit has repeatedly held, "[a]n act that is alleged to have been done in furtherance of the alleged conspiracy . . . is not an 'other' act within the meaning of Rule 404(b); rather, it is part of the very act charged." *United States* v. *Concepcion*, 983 F.2d at 392; *United States* v. *Diaz*, 176 F.3d 52, 79 (2d Cir. 1999); *United States* v. *Thai*, 29 F.3d 785, 812 (2d Cir. 1994) ("When the indictment contains a conspiracy charge, uncharged acts may be admissible as direct evidence of the conspiracy itself.").

Finally, any evidence offered at trial must also satisfy Federal Rule of Evidence 403 ("Rule 403"), which provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Evidence is not unduly prejudicial when it is not "more inflammatory than the charged crime[s]." *United States* v. *Livoti*, 196 F.3d 322, 326 (2d Cir. 1999). Thus, the touchstone of the prejudice analysis under Rule 403 is whether the proffered evidence does "not involve conduct any more sensational or disturbing than the crimes with which" the defendant is charged.

*United States* v. *Roldan Zapata*, 916 F.2d 795, 804 (2d Cir. 1990); *see also United States* v. *Robinson*, 702 F.3d 22, 37-38 (2d Cir. 2012) (same); *United States* v. *Curley*, 639 F.3d 50, 59 (2d Cir. 2011) (same).

**C. Discussion**

Evidence that Vidal's customers, with Vidal's assistance, applied for and fraudulently accepted loan proceeds from institutions insured by the FDIC is admissible as direct proof of the charged conspiracy. Vidal's customers sometimes applied for loans from FDIC-insured institutions alongside loans from NCUSIF-insured institutions, for the same vehicle. For instance, from in or about November 2015 through December 2015, four financial institutions issued loans for a single buyer to purchase a particular vehicle, two of which were FDIC-insured and two of which were NCUSIF-insured. And on or about January 28, 2016, a loan check for $27,227.00, issued by an FDIC-insured bank, was deposited into the account of Vidal's business; the next day, a loan check for the same amount was deposited into the same account, issued by an institution insured by the NCUSIF. Had the NCUSIF-insured institutions known about the other loans, they would have declined to issue the loan and stopped payment on any outstanding loan check. Accordingly, the loans from the FDIC-insured institutions are evidence of the fraud on the NCUSIF-insured institutions. These incidents are part of the very crime charged. *Concepcion*, 983 F.2d at 392.

Moreover, there is no danger of unfair prejudice because these instances of fraud do not involve conduct more sensational or inflammatory than the charged offenses. *Roldan Zapata*, 916 F.2d at 804. To the contrary, the conduct underlying the fraud perpetrated on FDIC-insured institutions and NCUSIF-insured institutions is substantially the same. Accordingly, this Court should grant the Government's motion to admit evidence of loans from financial institutions other

than NCUSIF-insured institutions during the life of the charged conspiracy as direct proof of the conspiracy.[1]

## II. In the Alternative, Evidence of Fraudulent Loans from Non-NCUSIF-Insured Institutions Should Be Admitted Under Rule 404(b)

For the reasons above, evidence of fraudulent loans issued by FDIC-insured institutions, occurring during the life of the charged conspiracy, is direct evidence of the bank fraud conspiracy charged in the Superseding Indictment. As set out below, this evidence is further admissible pursuant to Rule 404(b).

### A. Applicable Law

Rule 404(b) provides in pertinent part that evidence of other criminal acts is not admissible to prove a person's character, or actions in conformity therewith, but may be admissible for other purposes, such as proving motive, opportunity, intent, knowledge, and identity. Fed. R. Evid. 404(b). Indeed, evidence of "other acts" is admissible under Rule 404(b) if it is (1) advanced for a proper purpose; (2) relevant to the crimes for which the defendant is on trial; and (3) has probative value which is not substantially outweighed by any unfair prejudicial effect. *United States* v. *Brand*, 467 F.3d 179, 196 (2d Cir. 2006). If requested, such evidence must be admitted with limiting instructions to the jury. *See United States* v. *Zackson*, 12 F.3d 1178, 1182 (2d Cir. 1993); *United States* v. *Ortiz*, 857 F.2d 900, 903 (2d Cir. 1988) ("other acts or crimes are admissible under Rule 404(b) to prove matters other than the defendant's criminal propensity").

The Second Circuit "follows an inclusionary approach to the admission of other act evidence, so that evidence of prior crimes, wrongs or acts is admissible for any purpose other than to show a defendant's criminal propensity." *United States* v. *LaSanta*, 978 F.2d 1300, 1307 (2d

[1] The Government will work with the defense to craft an appropriate limiting instruction with respect to loans from non-NCUSIF-insured institutions, if the defense requests such an instruction.

Cir. 1992) (internal quotation marks omitted). In particular, the Second Circuit has held that other acts are admissible under Rule 404(b) to "inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between the participants in the crime developed." *United States* v. *Williams*, 205 F.3d 23, 33-34 (2d Cir. 2000) (quoting *United States* v. *Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992)).

When other act evidence is offered to show knowledge or intent, "such evidence must be sufficiently similar to the conduct at issue to permit the jury to draw a reasonable inference of knowledge or intent from the other act." *United States* v. *Cadet*, 664 F.3d 27, 32 (2d Cir. 2011). The other act evidence "need not be identical to the charged conduct to show knowledge or intent pursuant to Rule 404(b)" but it must "provide[] a reasonable basis for inferring knowledge or intent." *Id.* at 32-33.

Such evidence, of course, also must satisfy Federal Rule of Evidence 403, which provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

**B. Discussion**

Here, evidence of other fraudulent loans issued by financial institutions insured by the FDIC is admissible under Rule 404(b) to show Vidal's knowledge, intent, and absence of mistake. As described above, FDIC-insured institutions issued loans for the same vehicles as NCUSIF-insured institutions. Evidence that multiple loans were obtained, each purportedly to purchase the same vehicle, is powerful evidence that Vidal knew the loans were not in fact being used to purchase cars as the financial institutions had been promised. And the fact that the conspirators sought to obtain multiple loans for the same car from multiple different financial institutions makes clear that Vidal and his conspirators knew that the financial institutions would not have issued the

loans if they had understood that they would not be used to purchase cars. Accordingly, this evidence is admissible pursuant to Rule 404(b), should this Court not admit this evidence as direct evidence of the charged conspiracy as requested above.

## III. Conclusion

For the reasons set forth above, the Court should permit admission of evidence of fraudulent loans made by FDIC-insured institutions.

Dated: New York, New York
May 24, 2022

Respectfully submitted,
DAMIAN WILLIAMS
United States Attorney
for the Southern District of New York

By: /s/
T. Josiah Pertz
Jonathan Bodansky
Jilan Kamal
Assistant United States Attorneys
(914) 993-1966/(212) 637-2385/-2192