UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA :

- *v.* - :

EDUAR VIDAL, :

Defendant. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

S1 21 Cr. 726 (DLC)

**SUPPLEMENTAL MOTION *IN LIMINE***
**OF THE UNITED STATES OF AMERICA**
**REGARDING ADMISSIBILITY OF EVIDENCE**

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
Attorney for the United States of America

T. Josiah Pertz
Jonathan Bodansky
Jilan J. Kamal
Assistant United States Attorneys
*Of Counsel*

The Government respectfully submits this supplemental motion *in limine*, requesting a ruling to permit the admission at trial of evidence of credit card transactions at E&V Auto Sales ("E&V"), conducted on behalf of a borrower referred to E&V by Credit Repair Company-1, as direct evidence of the charged conspiracy, or, in the alternative, under Federal Rule of Evidence 404(b).

## I. Evidence of Fraudulent Credit Card Transactions Is Direct Evidence of the Charged Conspiracy

### A. Factual Background

At trial, the Government expects to present evidence that, during the period of the charged conspiracy, Eduar Vidal, the defendant, as well as others under his supervision at E&V, used a credit card machine at his car dealership to place fraudulent charges on credit cards issued by victim credit unions at the request of the fraudulent car loan borrowers. In particular, the Government expects to offer the testimony of a particular borrower ("Loan Applicant-5"),[1] who the Government expects will testify to bringing credit cards issued by the victim credit unions to the defendant, at his car dealership, so that he could place charges on these cards and give Loan Applicant-5 cash in exchange. The charges that Vidal placed on the credit cards were wholly unconnected to the purchase or sale of a car, and Vidal retained a portion of the amount charged to the credit card as a fee or commission. The Government expects Loan Applicant-5 will testify, in substance and in part, that she was present at E&V Auto's premises when Vidal placed these fraudulent charges on the credit cards.

[1] The underlying criminal complaint in this case identifies four loan applicants. "Loan Applicant-5" is another borrower, not identified in the complaint.

### B. Applicable Law

The Second Circuit has repeatedly held that evidence of uncharged criminal activity is admissible when it constitutes intrinsic or direct proof of a charged crime. As such, evidence of uncharged criminal conduct may be admitted without reference to Rule 404(b) if it constitutes direct proof of charged criminal conduct, if it provides the jury with background for the events alleged in the indictment, or if it arose out of the same transaction or series of transactions as the charged offenses. *See, e.g.*, *United States* v. *Gonzalez*, 110 F.3d 936, 941 (2d Cir. 1997) (holding that background evidence may be admitted to show the circumstances surrounding the events alleged in the indictment or to furnish an explanation of the understanding or intent with which certain acts were performed). As the Second Circuit has explained:

> [E]vidence of uncharged criminal conduct is not evidence of "other crimes, wrongs, or acts" under Rule 404(b) if that conduct is "inextricably intertwined with the evidence regarding the charged offense." *United States* v. *Towne*, 870 F.2d 880, 886 (2d Cir. 1989). In such circumstances, the uncharged crime evidence is necessary to "complete the story of the crime on trial," *id.*, and, thus, appropriately treated as "part of the very act charged," or, at least, proof of that act, *United States* v. *Concepcion*, 983 F.2d [369, 392 (2d Cir. 1992)].

*United States* v. *Quinones*, 511 F.3d 289, 309 (2d Cir. 2007); *see also United States* v. *Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) ("evidence of uncharged criminal activity is not considered 'other crimes' evidence under Fed. R. Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial" (internal alterations and quotation marks omitted)); *United States* v. *Towne*, 870 F.2d at 886 (same); *see also* Weinstein's Federal Evidence, § 404.20[2][b] (noting that evidence of other wrongs is admissible without regard to Rule 404(b) where those wrongs "were necessary preliminaries to the crime charged"); 404.20[2][c] (noting that evidence of other acts "is admitted if it contributes to an

understanding of the event in question, even if it reveals crimes other than those charged, because exclusion under those circumstances would render the testimony incomplete and confusing").

With regard to charges of conspiracy, in particular, it is well established that the Government may offer proof of acts not included within the indictment, where those acts fall within the scope of the conspiracy, and thus are direct evidence of the conspiracy charged. *United States* v. *Bagaric*, 706 F.2d 42, 64 (2d Cir. 1983); *see also United States* v. *Lam Lek Chong*, 544 F.2d 58, 63 (2d Cir. 1976). As the Second Circuit has repeatedly held, "[a]n act that is alleged to have been done in furtherance of the alleged conspiracy . . . is not an 'other' act within the meaning of Rule 404(b); rather, it is part of the very act charged." *United States* v. *Concepcion*, 983 F.2d at 392; *United States* v. *Diaz*, 176 F.3d 52, 79 (2d Cir. 1999); *United States* v. *Thai*, 29 F.3d 785, 812 (2d Cir. 1994) ("When the indictment contains a conspiracy charge, uncharged acts may be admissible as direct evidence of the conspiracy itself.").

Finally, any evidence offered at trial must also satisfy Federal Rule of Evidence 403 ("Rule 403"), which provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Evidence is not unduly prejudicial when it is not "more inflammatory than the charged crime[s]." *United States* v. *Livoti*, 196 F.3d 322, 326 (2d Cir. 1999). Thus, the touchstone of the prejudice analysis under Rule 403 is whether the proffered evidence does "not involve conduct any more sensational or disturbing than the crimes with which" the defendant is charged. *United States* v. *Roldan Zapata*, 916 F.2d 795, 804 (2d Cir. 1990); *see also United States* v. *Robinson*, 702 F.3d 22, 37-38 (2d Cir. 2012) (same); *United States* v. *Curley*, 639 F.3d 50, 59 (2d Cir. 2011) (same).

**C. Discussion**

Evidence that Vidal processed fraudulent charges, at his car dealership E&V Auto Sales, using credit cards issued by victim credit unions – and took a commission for running those charges, paying only a portion to the cardholder – is consistent with the modus operandi of the charged conspiracy. Although the bulk of the testimony and evidence in the trial will focus on car loans, involving loan agreements and the corresponding loan checks, Vidal's object in carrying out the credit card activity was likewise to extract funds from credit unions, on behalf of Loan Applicant-5, so he could take a commission. The charges that Vidal placed on the credit cards were not connected to any automobile-related product or service E&V sold the borrowers, and, just like the car loans, served simply as a way to extract funds from credit unions for the borrower's unrestricted use. As with the car loans, the credit card transactions left the borrower in deeper debt.

The credit card transactions also substantiate and explain Loan Applicant-5's relationship with Vidal and highlight the defendant's role as a financial intermediary between the borrower and victim credit union: a gatekeeper who was willing to provide the borrower with access to cash on false pretenses, for a fee, through financial transactions with no legitimate purpose. Accordingly, the credit card charges from E&V are further evidence of the fraud on the credit unions. These incidents are part of the very crime charged. *Concepcion*, 983 F.2d at 392.

Moreover, there is no danger of unfair prejudice because these instances of fraud do not involve conduct more sensational or inflammatory than the charged offenses. *Roldan Zapata*, 916 F.2d at 804. The amounts obtained through the fraudulent credit card transactions are far smaller than that sums obtained through the auto loans. For instance, the sums obtained through the fraudulent credit card transactions are on the order of several thousand dollars, as opposed to the tens of thousands of dollars obtained through the fraudulent car loans. Accordingly, this Court

should grant the Government's motion to admit evidence of credit card transactions by borrowers at E&V Auto during the life of the charged conspiracy as direct proof of the conspiracy.[2]

## II. In the Alternative, Evidence of Fraudulent Credit Card Transactions at E&V Auto Sales Should Be Admitted Under Rule 404(b)

For the reasons above, evidence of fraudulent credit card transactions conducted at E&V Auto Sales, occurring during the life of the charged conspiracy, is direct evidence of the bank fraud conspiracy charged in the Superseding Indictment. As set forth below, this evidence is also admissible pursuant to Rule 404(b).

### A. Applicable Law

Rule 404(b) provides in pertinent part that evidence of other criminal acts is not admissible to prove a person's character, or actions in conformity therewith, but may be admissible for other purposes, such as proving motive, opportunity, intent, knowledge, and identity. Fed. R. Evid. 404(b). Indeed, evidence of "other acts" is admissible under Rule 404(b) if it is (1) advanced for a proper purpose; (2) relevant to the crimes for which the defendant is on trial; and (3) has probative value which is not substantially outweighed by any unfair prejudicial effect. *United States* v. *Brand*, 467 F.3d 179, 196 (2d Cir. 2006). If requested, such evidence must be admitted with limiting instructions to the jury. *See United States* v. *Zackson*, 12 F.3d 1178, 1182 (2d Cir. 1993); *United States* v. *Ortiz*, 857 F.2d 900, 903 (2d Cir. 1988) ("other acts or crimes are admissible under Rule 404(b) to prove matters other than the defendant's criminal propensity").

The Second Circuit "follows an inclusionary approach to the admission of other act evidence, so that evidence of prior crimes, wrongs or acts is admissible for any purpose other than to show a defendant's criminal propensity." *United States* v. *LaSanta*, 978 F.2d 1300, 1307 (2d

[2] The Government will work with the defense to craft an appropriate limiting instruction with respect to such transactions, if the defense requests such an instruction.

Cir. 1992) (internal quotation marks omitted). In particular, the Second Circuit has held that other acts are admissible under Rule 404(b) to "inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between the participants in the crime developed." *United States* v. *Williams*, 205 F.3d 23, 33-34 (2d Cir. 2000) (quoting *United States* v. *Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992)).

When other act evidence is offered to show knowledge or intent, "such evidence must be sufficiently similar to the conduct at issue to permit the jury to draw a reasonable inference of knowledge or intent from the other act." *United States* v. *Cadet*, 664 F.3d 27, 32 (2d Cir. 2011). The other act evidence "need not be identical to the charged conduct to show knowledge or intent pursuant to Rule 404(b)" but it must "provide[] a reasonable basis for inferring knowledge or intent." *Id.* at 32-33.

Such evidence, of course, also must satisfy Federal Rule of Evidence 403, which provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

**B. Discussion**

Here, evidence of credit card transactions at E&V Auto involving Loan Applicant-5, who also obtained a fraudulent car loan from the victim credit unions, is admissible under Rule 404(b) to show Vidal's knowledge, intent, and absence of mistake. As described above, Vidal and one or more of his supervisees at E&V Auto ran up credit charges on cards issued by victim institutions to a borrower who was involved in the loan fraud scheme (and credit washing scheme) in which Vidal played a part. Evidence that charges were made in order to dispense cash to the borrower, rather than to sell Loan Applicant-5 a car, is powerful evidence that Vidal's relationship to the borrowers was that of a financial gatekeeper rather than an auto dealer, and therefore that Vidal

likewise knew the car loans were not used to purchase cars as the financial institutions had been promised. On the same logic, the fact that Vidal conducted transactions with the borrowers unrelated to car purchases indicates that it was no mistake that the car loan checks he cashed were not used for their intended purpose. Indeed, the credit card activity was part of a common plan: extract money from the institutions, keep a commission for himself, and pass funds to the borrower for their own unrestricted use, simultaneously leaving the borrower responsible for the additional debt. Accordingly, this evidence is admissible pursuant to Rule 404(b), should this Court not admit this evidence as direct evidence of the charged conspiracy as requested above.

## III. Conclusion

For the reasons set forth above, the Court should permit admission of evidence of fraudulent credit card transactions conducted by Loan Applicant-5 at E&V Auto Sales.

Dated: New York, New York
June 12, 2022

Respectfully submitted,
DAMIAN WILLIAMS
United States Attorney
for the Southern District of New York

By: /s/______________________
T. Josiah Pertz
Jonathan Bodansky
Jilan Kamal
Assistant United States Attorneys
(914) 993-1966/(212) 637-2385/-2192