```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
UNITED STATES OF AMERICA             :
                                     :         21cr726 (DLC)
             -v-                     :
                                     :         MEMORANDUM
EDUAR VIDAL,                         :         OPINION AND ORDER
                                     :
                         Defendant.  :
                                     :
------------------------------------ X
```

DENISE COTE, District Judge:

Eduar Vidal has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the following reasons, his motion is denied.

On November 30, 2021, Vidal was charged in a two-count indictment with conspiracy to commit bank fraud and bank fraud, in violation of 18 U.S.C. §§ 1344 and 1349. Vidal proceeded to trial. On June 21, 2022, a jury returned a verdict of guilty on both of the counts on which he had been indicted. On October 19, 2022, this Court sentenced Vidal principally to 48 months' imprisonment, to be followed by three years of supervised release. Vidal appealed his conviction, which was affirmed on April 5, 2024. Vidal is currently serving his term of imprisonment. He is fifty-nine years old and the Bureau of Prisons projects that he will be released on May 18, 2025.

Proceeding pro se, Vidal has moved for compassionate release in a petition that was received and docketed by this

Chambers on January 10, 2025. The Court has also read fourteen letters from Vidal's family members asking for his release. Most of the letters are dated between the end of November and the beginning of December of 2024. Some of the letters are undated, but they appear to also have been written during that period.

Once an inmate has exhausted his administrative remedies, a court may grant compassionate release if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). One of those policy statements describes categories of reasons that should be considered extraordinary and compelling, including, most pertinently here, "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). Even if the Court finds that "extraordinary and compelling reasons" are present, it must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) before reducing the sentence. United States v. Fernandez, 104 F.4th 420, 426-27 (2d Cir. 2024) (citing 18 U.S.C. § 3582(c)(1)(A)).

Vidal claims that he has exhausted his administrative remedies because he submitted a request for early release to his

warden on November 25, 2024, and 30 days have lapsed since then. Vidal's letter to the warden is not attached to Vidal's petition, even though Vidal states that it is attached as "Exhibit 'C.'" Also, while Vidal appears to imply that 30 days had lapsed at the time that his petition was written, the petition is undated, and the "affidavit" attached to the petition bears a date of December 20. Vidal has not shown that he has satisfied the threshold requirement of exhausting administrative remedies. Regardless, Vidal's request for compassionate release fails on the merits.

Vidal argues that he should be granted compassionate release because he is the only caregiver available to his father, who is 88 years old and suffers from Alzheimer's disease. He notes that his mother passed away on December 5, 2024. Most of the letters from Vidal's family members, which were written before his mother passed away, point to her failing health as a reason that Vidal should be released. Many of the letters also point to his father's condition as a reason that Vidal should be released.

Vidal has not shown that extraordinary circumstances justify his compassionate release. It is truly unfortunate that Vidal's mother has passed away, and that his father is suffering from Alzheimer's. But Vidal has not demonstrated that no other

sources of care are available to his father, including from other family members. The fact that Vidal would like to be an additional caretaker for his father does not amount to an extraordinary and compelling reason for a sentence reduction.

Moreover, the § 3553(a) factors do not support Vidal's early release. Vidal committed serious crimes that reflect a pattern of dishonesty. He repeatedly facilitated fraudulent car loans and engaged in tax fraud in order to enrich himself. He committed these crimes despite having previously spent time in prison. Vidal's sentencing submission of October 10, 2022 requested leniency so that he could be available to his family, explaining that his father was suffering from Alzheimer's disease and that Vidal had spent time taking care of him. Like the present petition, it was accompanied by letters from Vidal's family. Vidal also mentioned that his father has Alzheimer's at his sentencing. The Court took into account the seriousness of Vidal's crimes, the need for individual deterrence, and his father's condition, among other things, when it imposed his sentence. That sentence reflected a downward variance from the Sentencing Guidelines range of 51 to 63 months. No reduction in Vidal's sentence is warranted. Accordingly, it is hereby

ORDERED that the January 10 petition for compassionate release pursuant to § 3582(c)(1)(A) is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mail Vidal a copy of this Order and note mailing on the docket.

Dated:  New York, New York
        January 31, 2025

                                   _____
                                        DENISE COTE
                                   United States District Judge